## N. Y. COMMON PLEAS.

### In the Matter of the Assignment of John H. Horsfall.

*Assignee — right of, to procure his discharge upon a composition deed, without an accounting — Order of discharge procured by an assignee ex parte, no proceedings for an accounting being instituted, is irregular and will be vacated.*

The statute has provided for the mode in which an assignee in an assignment for the benefit of creditors under the statute, where there has been a composition between the assignor and his creditors, may be discharged, which is on a proceeding for an accounting under the act (*Laws of* 1877, *chap.* 466, *section* 20).

The only mode in which the court has power to discharge the assignee is upon proof of the composition in a proceeding for an accounting.

It is essential and indispensable that there should be an accounting in every case, and that it cannot be dispensed with unless there has been a clear, distinct and undoubted waiver of it by every creditor who could in any way be affected by the assignee's discharge.

*General Term, February*, 1879.

Appeal by John W. Hesse, assignee, from an order vacating his order of discharge upon the application of John T. Camp, a creditor.

*Louis C. Waehner*, for appellant Hesse.

*George C. Lay*, for respondent Camp.

Daly, *Ch. J.* — The order vacating the order discharging the assignee should, in my opinion, be affirmed. The statute

has provided for the mode in which an assignee in an assignment for the benefit of creditors under the statute, where there has been a composition between the assignor and his creditors, may be discharged, which is on a proceeding for an accounting under the act (*Laws of N. Y.*, 1877, *chap.* 466, *sec.* 20). It was undoubtedly, as the appellant claims, within the power of the creditors to waive the accounting, for a party may waive any provision of law or statutory or constitutional enactment designed for his benefit or protection.

But the creditors in this case have not by the composition deed waived an accounting. The assignor and the creditors, Briggs & Harris, who together brought about the composition, did so with the assignee, and the application of the assignor, Horsfall, and of Briggs, to vacate the order discharging the assignee was denied by judge VAN HOESEN, in the case of Briggs, upon the ground that he had, by the verbal agreement, waived his right to an accounting. But the petitioner, Camp, was no party to this verbal agreement and is in no way concluded by it. He is simply one of the creditors who signed the composition, and all that they agreed to was that an order might be made by any judge of this court discharging the assignee without notice to them.

The assignee was entitled, under this agreement, to apply to any judge of this court for his discharge without notice to the creditors who signed the composition deed; but the only mode in which the court had power to discharge him was upon proof of the composition in a proceeding for an accounting. When the creditors consent that an order may be made by any judge of the court discharging the assignee they necessarily mean discharging him without any notice to them in the manner prescribed by law, there being no other way in which a judge could discharge him.

To constitute a waiver the consent should have been without any accounting.

The *ex parte* order, therefore, discharging him was irregular and was properly vacated.

It was provided by the composition deed that after the execution and delivery of it the assignee might, after paying all claims and demands against the assigned estate which, as assignee, he was liable to pay, and after deducting $200 for his fees reassign to Horsfall, the assignor, the property, of whatever nature or description, which might be in his possession under the assignment.

This is very clear from the instrument — that he was to do this before he had the right to apply to a judge of the court to be released and discharged from his trust.

The composition creditors had agreed to release and discharge the assignor from all liability upon the payment by him of twenty-five per cent of the amount of their respective claims, and the reassignment of the assigned estate to him by the assignee as provided for in the instrument, was clearly necessary to enable the assignor to carry out the composition for it is to be assumed, as this was a general assignment of all the debtor's property for the benefit of creditors, that he had nothing to enable him to pay the compounding creditors until the property was restored to him by a reassignment; and this is sworn to have been the fact by the assignor and by Briggs, who was one of the principal creditors.

But the *ex parte* order discharging the assignee was made with the consent of the assignor before a reassignment of the property, and was for that reason alone irregular. This was not a provision which the assignor could waive, except so far as his rights were concerned.

The composition creditors had rights also. It was for their interest that the assignor should be enabled, as speedily as possible, to carry out the composition, as the payments were to be made in about a month after the execution of the composition deed; and the assignor could not, without their consent, agree so as to bind them that the assignee might be discharged before reassigning the property. The provision in the composition deed ratifying and confirming all the acts, transactions, payments and proceedings of the assignee means

Matter of Assignment of Horsfall.

when he had complied with the conditions of the deed by reassigning the property, and is in a position to procure his discharge in the mode provided by the statute. From the facts disclosed, an accounting in this case was necessary, as the assignee, if he has done what is alleged, has impaired the estate and lessened the ability of the assignor to comply with the terms of the composition. The opinions delivered by judges VAN HOESEN and J. F. DALY, in the assignment cases of Cottlon, Yeager, Doyer, Lowenthal, and by judge VAN HOESEN in the application of Horsfall & Briggs, in the present case, show how essential and indispensable it is that there should be an accounting in every case, and that it cannot be dispensed with unless there has been a clear, distinct and undoubted waiver of it by every creditor who could in any way be affected by the assignee's discharge, which was not the case here.

I do not think that it affects the question whether the petitioner may have been tendered the amount of the composition or not if the discharge was irregular. He was not, as Briggs was, concluded by any agreement on his part to waive an accounting, and had the right to bring the matter before the court, it being the duty of the court to see that the rights of all the creditors are protected before discharging the assignee.

The order, therefore, should be affirmed.

J. F. DALY, J., concurs; VAN BRUNT, J., dissents.